# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BABATUNDE E., | No. CV 24-10301-AGR |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| FRANK BISIGNANO, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff[1] filed this action on November 27, 2024.  The parties filed briefs on the disputed issues.  The court has taken the matter under submission without oral argument.[2]

Having reviewed the entire file, the court affirms the decision of the Commissioner.

---

[1] Plaintiff's name has been partially redacted in compliance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge.  (Dkt. Nos. 8, 9).

## I.

## **PROCEDURAL HISTORY**

On November 15, 2021, Plaintiff filed an application for disability insurance benefits and alleged an onset date of April 20, 2021. Administrative Record ("AR") 35. The application was denied initially and upon reconsideration. AR 35, 140-44, 146-51. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 152-53. On August 31, 2023, the ALJ conducted a hearing at which Plaintiff and a vocational expert testified. AR 80-120. On January 31, 2024, the ALJ issued a decision denying benefits. AR 32-52. The Appeals Council denied review on September 27, 2024. AR 7-13. This action followed.

## II.

## **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. *Smith v. Berryhill*, 587 U.S. 471, 474 (2019). The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam).

"Substantial evidence" means "'more than a mere scintilla.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). "It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted). In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016).

**III.**

**DISCUSSION**

**A. Disability**

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (citation and quotation marks omitted).

**B. The ALJ's Findings**

The ALJ found that Plaintiff meets the insured status requirement through December 31, 2027.  AR 37.  Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[3] the ALJ found that Plaintiff has the severe impairments of adjustment disorder, bipolar disorder, major depressive disorder, and attention-deficit/hyperactivity disorder ("ADHD").  AR 38.  Plaintiff's impairments do not meet or medically equal the severity of a listed impairment.  AR 40-41.

The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work except he could stand and/or walk for a total of six hours of an eight-hour workday with normal breaks.  He has no limitations with respect to sitting.  He could not use ladders, ropes, or scaffolds.  He could not work around hazards such as unprotected heights or power tools.  He could perform simple tasks and make simple work-related judgments, and occasionally interact with supervisors, coworkers, and the public.  He could concentrate on work duties for

---

[3] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work.  *Lounsburry*, 468 F.3d at 1114.

1 two hours at a time, before needing a break, for a total of eight hours of an eight-
2 hour workday with normal breaks.  He could adapt to occasional changes in the
3 work environment.  AR 41.

4       The ALJ determined that Plaintiff could not perform his past relevant work,
5 but there are jobs that exist in significant numbers in the national economy that he
6 could perform, such as office helper, small products assembler, and pricer.  AR
7 45-46.  Accordingly, the ALJ concluded that Plaintiff has not been under a
8 disability since April 20, 2021, the alleged onset date, through January 31, 2024,
9 the date of the ALJ's decision.  AR 28.

10       **C.  <u>Subjective Symptom Allegations</u>**

11       Plaintiff alleges that the ALJ erred by failing to articulate legally sufficient
12 reasons for discounting his subjective symptom complaints.

13       "'An ALJ engages in a two-step analysis to determine whether a claimant's
14 testimony regarding subjective pain or symptoms is credible.  First, the ALJ must
15 determine whether the claimant has presented objective medical evidence of an
16 underlying impairment which could reasonably be expected to produce the pain or
17 other symptoms alleged.'"  *Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021)
18 (citation omitted).  "At this step, the medical evidence need not corroborate the
19 severity of the alleged symptoms; the medical evidence need only establish that
20 the impairment could reasonably be expected to cause some degree of the
21 alleged symptoms."  *Id.*

22       "Then, provided 'there is no evidence of malingering, the ALJ can reject the
23 claimant's testimony about the severity of her symptoms only by offering specific,
24 clear and convincing reasons for doing so.'"  *Id.* at 1112 (citation omitted).  The
25 Ninth Circuit requires that the ALJ "'specify which testimony she finds not credible,
26 and then provide clear and convincing reasons, supported by evidence in the
27 record, to support that credibility determination.'"  *Id.*  (citation omitted).  "[A]n ALJ
28 cannot be required to believe every allegation of disabling pain, or else disability

benefits would be available for the asking.'" *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1106 (9th Cir. 2014) (citation omitted).

Plaintiff claims that he is unable to work due to depression, anxiety, and ADHD. AR 38, 95. He reported difficulty concentrating, completing tasks, and managing daily responsibilities, stating that he is constantly behind and easily distracted. AR 95, 97-98, 293. Plaintiff also testified to severe social anxiety, panic attacks, nervousness around others, trouble making eye contact, and feelings of isolation and loneliness. AR 95-100. He described significant fatigue, difficulty getting out of bed, and memory problems that interfere with planning and finishing tasks. AR 95-96. Plaintiff stated that despite weekly therapy and an increasing medication regimen, his symptoms have worsened over time. AR 100-1. He further reported side effects from medications, including hand shaking, lightheadedness, and instability. AR 100-01. Plaintiff testified that his mental impairments affect daily activities such as cooking, cleaning, doing laundry, driving, and managing appointments. AR 95-99, 100, 293. He noted chronic pain, weakness, neuropathy, and mobility limitations, including neck and shoulder tension, foot pain, numbness in his fingers, and difficulty standing and walking. AR 95, 100, 109. He could not stand for more than thirty minutes at a time, and he could not exercise due to pain, stiffness and tenseness. AR 109-10, 298.

In her decision, the ALJ acknowledged that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms," but concluded that Plaintiff's statements "concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." AR 42-43. The ALJ relied primarily on two reasons for discounting Plaintiff's subjective symptom testimony: (1) his statements were not fully supported by the objective medical evidence; and (2) his reported activities of daily living suggested a higher level of functioning than he alleged. AR 43-45. As discussed below, these

justifications constitute clear and convincing reasons, supported by substantial evidence, for rejecting Plaintiff's subjective symptom complaints.

First, the ALJ found that Plaintiff's subjective symptom allegations were unsupported by the objective medical evidence. AR 43-45. Although lack of objective medical evidence supporting the degree of limitation "cannot form the sole basis for discounting pain testimony," it is a factor that an ALJ may consider in assessing credibility. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *see also* SSR 16-3p, 2017 WL 5180304, at *5 (Oct. 25, 2017). Plaintiff alleged significant physical symptoms, including chronic pain, neuropathy, weakness, and balance and mobility issues. However, physical and neurological examinations were largely normal, with intact gait, coordination, and stability. AR 1337-38. A brain MRI showed only mild white-matter changes, and Plaintiff's neurologist described the findings as asymptomatic. AR 107, 1333, 1338. Imaging of Plaintiff's lumbar and cervical spine revealed no degenerative disease or other impairment that would reasonably produce the significant pain and functional limitations he described. *See* AR 1189-94. Similarly, with respect to Plaintiff's mental impairments, mental status examinations consistently showed normal appearance and motor activity, intact memory, good attention, normal thought content and process, normal speech and behavior, and good insight and judgment. AR 60-62, 1080-87, 1110-29, 1261, 1322-29. On this record, the ALJ permissibly concluded that the objective medical evidence did not corroborate the severity of Plaintiff's alleged symptoms.

Second, the ALJ reasonably determined that Plaintiff's symptom allegations were inconsistent with his activities of daily living. AR 43-45. An ALJ may properly reject a claimant's symptom testimony when he "engaged in daily activities inconsistent with the alleged symptoms." *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Although Plaintiff testified at the August 2023 hearing that he experienced disabling cognitive limitations affecting concentration,

6

task completion, and planning, as well as chronic pain and difficulty standing, the record reflects a substantially higher level of activity during the relevant period. Notably, Plaintiff was able to attend a graduate program at Pepperdine University to obtain a master's degree in psychology and achieved a GPA of 3.95. AR 1072, 1249. As part of that program, Plaintiff completed a practicum requiring approximately twenty hours per week. AR 1074, 1294, 1325. He reported in February and March 2023 that he was simultaneously attending classes, completing his practicum, and driving for Uber. AR 1294, 1306. In April 2023, he stated that he was finishing classes as late as 10:00 p.m. AR 1075. In August 2023, he discussed working with and supporting clients as part of his practicum. AR 1263-64. In addition, Plaintiff stated that he assisted his brother with wedding planning and spent several hours per week coordinating by phone. AR 1254. He reported taking evening walks averaging approximately four miles and going hiking. AR 1074, 1140. Taken together, these activities reasonably support the ALJ's conclusion that Plaintiff's symptom allegations were inconsistent with the record.

Accordingly, remand is not warranted on this claim.

### D. Residual Functional Capacity

Plaintiff contends that the ALJ's RFC assessment is not supported by substantial evidence.

The RFC assessment measures the claimant's capacity to engage in basic work activities. *Bowen v. New York*, 476 U.S. 467, 471 (1986); *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). The RFC is a determination of "the most [the claimant] can still do despite [the claimant's] limitations." 20 C.F.R. § 404.1545(a)(1). Although the RFC assessment is ultimately the ALJ's responsibility, it must be supported by substantial evidence. *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015); *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). The ALJ must "set out in the record his

1  reasoning and the evidentiary support for his interpretation of the medical
2  evidence." *Tackett v. Apfel*, 180 F.3d 1094, 1102 (9th Cir. 1999).

3        In formulating the mental RFC, the ALJ rejected Plaintiff's treating
4  psychologist's opinion, which found marked mental limitations affecting
5  concentration and task completion.  The ALJ instead relied primarily on the
6  opinions of the consultative examiner and Plaintiff's activities.  AR 44-45.
7  Although the consultative examiner's opinion was based on a single examination
8  without review of Plaintiff's longitudinal medical records, AR 545, Plaintiff's
9  statements provided supporting longitudinal evidence.  ALJs "are, at some level,
10 capable of independently reviewing and forming conclusions about medical
11 evidence." *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022), The ALJ's
12 specific functional limitations are supported by substantial evidence.  For example,
13 the ALJ concluded Plaintiff could concentrate on work duties for two hours at a
14 time.  *See* AR 41-45.  As discussed above, Plaintiff's mental status examinations
15 consistently showed normal appearance and motor activity, intact memory, good
16 attention, normal thought content and process, normal speech and behavior, and
17 good insight and judgment.  AR 60-62, 1080-87, 1110-29, 1261, 1322-29.  Plaintiff
18 was able to attend a graduate program at Pepperdine University to obtain a
19 master's degree in psychology and achieved a GPA of 3.95.  AR 1072, 1249.
20 Plaintiff completed a practicum requiring approximately 20 hours per week.  AR
21 1074, 1294, 1325.  In February and March 2023, Plaintiff reported that he was
22 attending classes, completing his practicum, and driving for Uber.  AR 1294, 1306.
23 In April 2023, he stated that he was finishing classes as late as 10:00 p.m.  AR
24 1075.  In August 2023, he discussed working with and supporting clients as part of
25 his practicum.  AR 1263-64.  The ALJ could reasonably infer from this evidence
26 that Plaintiff could concentrate on work duties for at least two hours at a time.
27 Plaintiff has not shown error.
28

## IV.

## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed and that judgment be entered for Defendant.

DATED:  December 31, 2025

                                          ALICIA G. ROSENBERG
                                          United States Magistrate Judge